UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------------x

MAUREEN SAINT-GUILLEN, individually, and as
Administratrix of the Estate of Imette Saint-Guillen, and
the ESTATE OF IMETTE SAINT-GUILLEN,

                 Plaintiffs,

       -against-

THE UNITED STATES OF AMERICA,

                 Defendant.

----------------------------------------------------------------------x

**08** ction No.:   **441**

**COMPLAINT**

**PLAINTIFFS
DEMAND A TRIAL
BY JURY**

MAUSKOPF, J.

J. ORENSTEIN, M.J.

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

JAN 3 1 2008

BROOKLYN OFFICE

      Plaintiffs, Maureen Saint-Guillen, individually, and as Administratrix of the Estate of Imette Saint-Guillen, and the Estate of Imette Saint-Guillen, by and through their attorneys TACOPINA & ARNOLD, LLP, as and for their Complaint herein allege the following:

## JURISDICTION AND VENUE

     1.     This is an action arising under the Federal Tort Claims Act, §§ 1346(b), 2671-2680.

     2.     An administrative claim and an amended administrative claim have been timely presented to the defendant (and its following agencies: the United States Department of Justice, the United States Probation and Pretrial Services System, and the United States District Courts) (hereinafter, collectively the "Defendant") and same have been denied by the Administrative Office of the United States Courts within the last six (6) months, and therefore this action has been timely commenced.  (A copy of the initial claim and the denial thereof are annexed hereto and made a part hereof).

     3.     The Defendant and/or its agents, servants and/or employees, were negligent and/or committed wrongful acts and/or omissions to act which, had they been private persons, would make them liable to the Plaintiffs in accordance with/under New York State law.

4.    The Plaintiffs have duly complied with all conditions precedent to the commencement of this action.

5.    Venue in the Eastern District of New York is proper due to the fact that some or all of the Defendant's acts and/or omissions to act in the manner in which Darryl Littlejohn was supervised and/or monitored during his parole and/or probation and/or supervised release, and/or the Defendant's failure to communicate and/or coordinate with the New York State parole/probation agencies and/or officials occurred therein, as well as the fact that upon information and belief, Darryl Littlejohn unlawfully imprisoned, raped, tortured and murdered the decedent, Imette Saint-Guillen therein.

## THE PARTIES

6.    Imette Saint-Guillen was born on March 2, 1981.

7.    Imette Saint-Guillen died on February 25, 2006.

8.    On or about June 21, 2006, Plaintiff Maureen Saint-Guillen was issued Limited Letters of Administration appointing her Administratrix of the Goods, Chattels and Credits which were of her daughter Imette Saint-Guillen, deceased, by the Hon. Eve Preminger, Surrogate of the County of New York.

9.    The United States of America is a federal constitutional republic comprising fifty states, one federal district and fourteen territories.

10.    At all relevant times herein, the United States Department of Justice, the United States Probation and Pretrial Services System, and the United States District Courts were agencies of the judiciary branch of the United States of America's government established to assist the federal courts in the fair administration of justice, to protect the community and to bring about long-term positive change in individuals under supervision.

## FACTUAL ALLEGATIONS

11.     Darryl Littlejohn was arraigned and plead guilty on March 26, 1999 in the United States District Court, Eastern District of New York for/to the charge of Bank Robbery by Force of Violence.

12.     Darryl Littlejohn was sentenced on January 21, 2000 by United States District Court Senior Court Judge Jacob Mishler, to the custody of the Attorney General or his authorized representative to imprisonment for a period of 41 months.  Specifically, said sentence was to be served in a state institution and said sentence was to run concurrently with a State Court sentence previously imposed.  Darryl Littlejohn was to pay a special assessment of $50 and, upon his release from imprisonment, was to be on supervised release for a term of 3 years.

13.     Said supervised release was to be under the supervision and control of the United States Probation and Pretrial Services System.

14.     Pursuant to the Probation Act of 1925 and the Sentencing Reform Act of 1984, the United States Probation and Pretrial Services officers are United States District Court employees and federal law enforcement officers and have a duty to supervise persons charged with or convicted of federal crimes.  The core responsibility and/or duty of the United States Probation and Pretrial Services officers is to provide supervision in a way for the government to monitor the activities and behavior of people released to the community by the federal courts or paroling authorities that include, but are not limited to:

- Working with offenders "post-conviction" after they are tried and found guilty of federal crimes and also after they are released from prison.

- Ensuring that offenders released to the community obey the law rather than commit further crime.

- Supervising offenders in the community to reduce the risk they pose to the public.

- Supervising offenders who are sentenced to a term of probation by the court or who are on parole or supervised release after they are released from prison.

- Complying with the release conditions set by the court, and addressing any issues that affect offenders' ability to comply.

- Monitoring offenders through phone calls and personal contacts, including meeting with them in the probation or pretrial services office and at their homes or jobs.

- Monitoring offenders through contacting family members, employers, and treatment providers.

- Managing any risk offenders pose to individuals or the community by verifying their employment, monitoring their associates, restricting their travel, and taking other actions to make sure they are obeying the law.

- Ensuring that offenders comply with the conditions the court has set for their release to the community.

- Informing offenders of what the court expects of them.

- Meeting with offenders at home and work.

- Monitoring offenders' compliance with the conditions the court has set for their release.

- Controlling and correcting offenders if they do not comply with court orders.

15.     Pursuant to the Probation Act of 1925 and the Sentencing Reform Act of 1984, release conditions are rules set by the court that offenders must follow if they want to

remain in the community.  The court imposes release conditions to help structure the offender's actions and activities.

16.     Darryl Littlejohn was released from imprisonment in 2004.

17.     Upon his release, Darryl Littlejohn was declared a "menace to society".

18.     Prior to his release, Darryl Littlejohn had a history of parole violations and violent felonies.

19.     Prior to his release, federal authorities had been probing Darryl Littlejohn's involvement in multiple murders.

20.     The Defendant failed to supervise Darryl Littlejohn as a result of a ministerial mistake of its procedures, thereby falling within the exemption to the Defendant's immunity.

21.     The Defendant never attempted to supervise Darryl Littlejohn as a result of a ministerial mistake of its procedures, thereby falling within the exemption to the Defendant's immunity.

22.     The Defendant never attempted to communicate/coordinate with the New York State probation/parole agencies and/or its officials as a result of a ministerial mistake of the Defendant's procedures, thereby falling within the exemption to the Defendant's immunity.

23.     The Defendant's officials have admitted that they committed a ministerial mistake of its procedures when they failed to monitor even a single day of the post-prison release of Darryl Littlejohn.

24.     Tony Garoppolo, Federal Chief of Probation for the Eastern District of New York, admitted, "we didn't know we had supervision because of a (clerical) error in the system."

25. Tony Garoppolo also admitted, "we've had no contact with him [Darryl Littlejohn] since 2000 when we did our pre-sentence report. It was human error on our part...and we are reforming the system to make this less likely to happen in the future."

26. On the late evening of February 24, 2006 into the early morning of February 25, 2006, Darryl Littlejohn was employed as an agent/servant and/or employee of 218 LaFayette Street Corp. d/b/a The Falls Bar as a bouncer/security/doorman, despite all of the above.

27. On February 24 and February 25, 2006, Darryl Littlejohn was supposed to be under the supervision of the Defendant, and his employment at the Falls Bar was a violation of the conditions of his release.

28. Upon information and belief, on February 25, 2006, Imette Saint-Guillen was, *inter alia,* assaulted, kidnapped, raped, tortured and murdered by Darryl Littlejohn, after she came into contact with him at the Falls Bar.

## FIRST CLAIM FOR RELIEF

29. Pursuant to Rule 10(c), Plaintiffs repeat and reallege each and every allegation of paragraphs 1 through 28 of the Complaint as if incorporated and reiterated herein.

30. Plaintiffs' claim for relief is pursuant to the Federal Tort Claims Act, which provides that the "United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances"

31. Plaintiffs bring this claim for relief against the United States for monetary damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person,

would be liable to the plaintiff in accordance with the law of the place where the act or omission occurred.

32.    At all times relevant hereto, Defendant, and/or its agents, servants and/or employees had a duty to supervise Darryl Littlejohn, and persons such as Darryl Littlejohn, in a safe and reasonable manner, and to take all steps necessary to protect the safety of the public at large, including but not limited to the decedent Imette Saint-Guillen.

33.    At all times relevant hereto, Defendant, and/or its agents, servants and/or employees in a careless, negligent, grossly negligent, reckless and/or deliberately indifferent manner, and in violation of the order of a United States District Court Judge, breached its duty to the public at large, including but not limited to the decedent Imette Saint-Guillen, in failing to supervise Darryl Littlejohn.

34.    As a result of the breach of duty by Defendant, and/or its agents, servants and/or employees, the decedent Imette Saint-Guillen sustained severe, brutal and conscience-shocking injuries, both mental and physical, conscious pain and suffering and was aware of her impending death.

35.    The actions and/or inactions of Defendant and/or its agents, servants and/or employees as set forth, directly increased the vulnerability of the decedent Imette Saint-Guillen to danger and/or otherwise placed her in harm's way and/or constituted a breach of the Defendant's duty that is shocking to the conscience.

36.    The severe, brutal and conscience-shocking injuries, both mental and physical, conscious pain and suffering, and awareness of the impending death of the decedent Imette Saint-Guillen, were reasonably foreseeable consequences of the careless, negligent,

grossly negligent, reckless and/or deliberately indifferent actions and/or inactions of Defendant and/or its agents, servants and/or employees.

37.     The carelessness, negligence, gross negligence, and reckless and/or deliberately indifferent actions and/or inactions of Defendant and/or its agents, servants and/or employees, were the proximate cause of the decedent Imette Saint-Guillen's severe, brutal and conscience-shocking injuries, both mental and physical, conscious pain and suffering, and awareness of her impending death.

38.     The breach of duty set forth above of Defendant and/or its agents, servants and/or employees was the result of admittedly clerical and/or ministerial breaches of the Defendant's own policies and/or procedures, and/or in the negligent hiring, training, supervision and/or retention of its agents, servants, and/or employees.

39.     As a result of the foregoing, Plaintiff Maureen Saint-Guillen, individually, and as Administratrix of the Estate of Imette Saint-Guillen, and/or the Estate of Imette Saint-Guillen have been damaged in a sum to be determined at trial, but believed to be in excess of one-hundred million ($100,000,000.00) dollars.

## SECOND CLAIM FOR RELIEF

40.     Pursuant to Rule 10(c), Plaintiffs repeat and reallege each and every allegation of paragraphs 1 through 39 of the Complaint as if incorporated and reiterated herein.

41.     At the time of her assault, kidnap, rape and torture, the decedent Imette Saint-Guillen was in good physical health, productive, in possession of all of her faculties and gainfully employed.

42.     As a result of the above, the decedent Imette Saint-Guillen died as a result of her injuries on February 25, 2006.

43.     The decedent Imette Saint-Guillen is survived by her mother and family.

44.     The decedent Imette Saint-Guillen's heirs at law and next of kin sustained pecuniary loss as a result of her death, including but not limited to, the loss of maintenance, support, comfort, society, companionship, consortium and services.

45.     As a result of the foregoing, Plaintiff Maureen Saint-Guillen, individually, and as Administratrix of the Estate of Imette Saint-Guillen, and/or the Estate of Imette Saint-Guillen have been damaged in a sum to be determined at trial, but believed to be in excess of one-hundred million ($100,000,000.00) dollars.

## DEMAND FOR A JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a jury trial of all issues capable of being determined by a jury.

**WHEREFORE,** Plaintiffs demand judgment against the Defendant as follows:

a)     On the first cause of action, actual damages in an amount to be determined at trial, but believed to be in excess of one-hundred million ($100,000,000.00) dollars; and

b)     On the second cause of action, actual damages in an amount to be determined at trial, but believed to be in excess of one-hundred million ($100,000,000.00) dollars.

Dated: New York, New York
       January 3O , 2008

TACOPINA & ARNOLD, LLP

BY:     _____
        JOSEPH TACOPINA (JT-2661)
        Attorneys for the Plaintiffs
        275 Madison Avenue – 35th Floor
        New York, New York  10016
        (212) 883-8833

- 9 -

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency: | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, street, city, State and Zip Code) |
|---|---|
| United States of America, U.S. Department of Justice, U.S. Probation and Pretrial Services System, U.S. District Courts | Maureen Saint-Guillen, Individually and as Administratrix of the Estate of Imette Saint-Guillen and the Estate of Imette Saint-Guillen, 18 Francis Street, Boston, MA 02115 and/or c/o Law Office of Joseph Tacopina, P.C. 275 Madison Avenue, New York, NY 10016 |

| 3. TYPE OF EMPLOYMENT ☐ MILITARY ☐ CIVILIAN | 4. DATE OF BIRTH | 5. MARITAL STATUS N/A | 6. DATE AND DAY OF ACCIDENT 2/25/2006 | 7. TIME (A.M. OR P.M.) see below |
|---|---|---|---|---|

8. Basis of Claim *(State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof) (Use additional pages if necessary.)*

The nature of the claim is for monetary damages, based upon, inter alia, respondent's breach of a special duty, and/or negligence, carelessness, recklessness, gross negligence, wilful and wanton misconduct and breaches of common law and statutory duties, and rules, regulations, policies and procedures in their acts and/or omissions to act, ministerial and otherwise, inter alia, in the manner in which Darryl Littlejohn was considered for parole/probation, in the granting of parole/probation to Darryl Littlejohn, in the supervision and/or monitoring of Darryl Littlejohn's parole/probation and/or in not revoking said parole/probation despite clear violations of same, in failing to communicate and/or coordinate with state parole/probation agencies and/or officials, and in the hiring, training, retention, and/or supervision of the respondents' employees, agents and/or servants, and/or in the deprivation of decedent's civil rights and/or state and federal constitutional rights.

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT *(Number, street, city, State, and Zip Code)*

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. *(See instructions on reverse side.)*

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

Upon information and belief, commencing early in the morning of Saturday, February 25, 2006, the decedent Imette Saint Guillen was kidnapped, unlawfully imprisoned, raped, tortured, and murdered by asphyxiation and occlusion of her mouth and nose by Darryl Littlejohn a convicted violent felon allegedly released from jail early on federal and/or state parole/probation, who met the decedent while acting as a bouncer at the Falls Bar, a/k/a 218 Lafayette St. Rest. Corp., 218 Lafayette Street, New York, New York. The decedent's body was found on February 25, 2006, alongside the Belt Parkway (Fountain and Seaview Avenues), Brooklyn, New York.

| 11. | WITNESSES | |
|---|---|---|
| NAME | | ADDRESS *(Number, street, city, State, and Zip Code)* |
| Darryl Littlejohn | | Rikers Island, 1111 Hazen Street, Flushing, NY 11370 |

| 12. *(See instructions on reverse)* | AMOUNT OF CLAIM *(in dollars)* | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL *(Failure to specify may cause forfeiture of your rights.)* |
| | $50,000,000.00 | $50,000,000.00 | $100,000,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT *(See instructions on reverse side.)* | 13b. Phone number of signatory 617-566-7656 | 14. DATE OF CLAIM 1.24.06 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant shall forfeit and pay to the United States the sum of $2,000, plus double the amount of damages sustained by the United States. *(See 31 U.S.C. 3729.)* | Fine of not more than $10,000 or imprisonment for not more than 5 years or both. *(See 18 U.S.C. 287, 1001.)* |

| 95-109 | NSN 7540-00-634-4046 | STANDARD FORM 95 (Rev. 7-85) |
|---|---|---|
| Previous editions not usable. | | PRESCRIBED BY DEPT. OF JUSTICE 28 CFR 14.2 |

This form was electronically produced by National Production Services Staff

LAW OFFICES OF JOSEPH TACOPINA, P.C.
Attorneys for Claimants
275 Madison Avenue, 35th fl.
New York, NY 10016
(212) 227-8877
By: _____
    Joseph Tacopina

LAW OFFICES OF ROSEMARIE ARNOLD
Attorneys for Claimants
49 West 37th Street, 7th fl.
New York, NY 10018
(212) 227-5999
By: _____
    Rosemarie Arnold

VITAL RECORDS CERTIFICATE

# DEATH TRANSCRIPT

DATE FILED   THE CITY OF NEW YORK - DEPARTMENT OF HEALTH AND MENTAL HYGIENE

**NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE**
3/1/2006 11:15:30 PM

## CERTIFICATE OF DEATH

Certificate No. **156-06-009130**

| 1. DECEDENT'S LEGAL NAME | IMETTE (First Name) | (Middle Name) | ST. GUILLEN (Last Name) |
|---|---|---|---|

| Place Of Death | 2a. New York City | 2c. Type of Place 1 ☐ Hospital Inpatient 2 ☐ Emergency Dept /Outpatient 3 ☐ Dead on Arrival | 4 ☐ Nursing Home/Long Term Care Facility 5 ☐ Hospice Facility 6 ☐ Decedent's Residence 7 ☒ Other Specify **Street** | 2d. Name of hospital or other facility (if not facility, street address) **Intersection Of Fountain & Seaview Avenues** |
|---|---|---|---|---|
|  | 2b. Borough **Brooklyn** | | | |

| Date and Time of Death 3a | (Month) **February** | (Day) **25** | (Year-yyyy) **2006** | 3b. Time **8:34** ☐ AM ☒ PM | 4. Sex **Female** | 5. OCME Case No. **K-06-01063** |
|---|---|---|---|---|---|---|

**CAUSE OF DEATH**

PART I

a. Immediate cause **Asphyxia By Compression Of Neck And Occlusion Of Mouth And Nose**

b. Due to or as a consequence of

c. Due to or as a consequence of

PART II  Other significant conditions contributing to death but not resulting in the underlying cause given in Part I. Include operation information.

(APPROXIMATE INTERVAL ONSET TO DEATH)

| 7a. Injury Date (mm dd yyyy) **Unknown** | 7b. Time **Unk** ☐ AM ☐ PM | 7c. At Work 1 ☐ Yes 2 ☒ No | 7d. Place of Injury - At home, factory, street etc. **Unknown** |
|---|---|---|---|
|  |  |  | 7e. Location **Unknown** |

7f. How Injury Occurred   **See Above**

| 7g. If Transportation Injury Specify ☐ Driver/Operator ☐ Pedestrian ☐ Passenger ☐ Other Specify | 8. Manner of Death ☐ Pending further study ☐ Natural ☒ Homicide ☐ Accident ☐ Suicide ☐ Undetermined | 9. Autopsy ☒ Yes ☐ No Autopsy Pursuant to Law ☐ No Autopsy | 10. On the basis of examination and/or investigation, in my opinion, death occurred due to the causes and manner as stated. Certifier Signature _____ M.D. Date **Feb 27th, 2006** Certifier Name (Print) **Kristin Roman** **Medical Examiner** |
|---|---|---|---|

| 11a. Usual Residence State **MA** | 11b. County **Suffolk** | 11c. City or Town **Boston** | 11d. Street and Number **18 Francis Street** | Apt. No **3** | ZIP Code **02115** | 11e. Inside City Limits? 1☒ Yes 2 ☐ No |
|---|---|---|---|---|---|---|

| 12. Date of Birth (Month) **March** | (Day) **2** | (Year-yyyy) **1981** | 13. Age at last birthday (years) **24** | Under 1 Year Months  Days | Under 1 Day Hours  Minutes | 14. Social Security No. **029 - 62 - 9015** |
|---|---|---|---|---|---|---|

| 15a. Usual Occupation (Type of work done during most of working life. Do not use "retired") **Paralegal Graduate Student** | 15b. Kind of business or industry **College** | 16. Aliases or AKAs **Imette Carmela St. Guillen** |
|---|---|---|

| 17. Birthplace (City & State or Foreign Country) **Boston, MA** | 18. Education (Check the box that best describes the highest degree or level of school completed at the time of death) 1 ☐ 8th grade or less    4 ☐ Some college credit, but no degree  7 ☐ Master's degree (e.g. MA, MS, MEng, MEd, MSW, MBA) 2 ☐ 9th-12th grade, no diploma  5 ☐ Associate degree (e.g. AA, AS)    8 ☐ Doctorate (e.g. PhD, EdD) or 3 ☐ High school graduate or GED  ☒ Bachelor's degree (e.g. BA, AB, BS)    Professional degree (e.g. MD, DDS, DVM, LLB, JD) |
|---|---|

| 19. Ever in U.S. Armed Forces? 1 ☐ Yes ☒ No | 20. Marital Status at Time of Death 1 ☐ Married   3 ☐ Married but separated  5 ☐ Widowed 2 ☐ Divorced  4 ☒ Never married    6 ☐ Unknown | 21. Surviving Spouse's Name (If wife, name prior to first marriage) (First, Middle, Last) |
|---|---|---|

| 22. Father's Name (First, Middle, Last) **Seimundo Guillen** | 23. Mother's Maiden Name (Prior to first marriage) (First, Middle, Last) **Maureen St. Hilaire** |
|---|---|

| 24a. Informant's Name **Maureen St. Guillen** | 24b. Relationship to Decedent **Mother** | 24c. Address (Street and Number) **18 Francis Street** Apt. No   City & State **Boston, MA** ZIP Code **02115** |
|---|---|---|

| 25a. Method of Disposition 1 ☐ Burial  2☒ Cremation  3 ☐ Entombment  4 ☐ City Cemetery 5 ☐ Other Specify | 25b. Place of Disposition (Name of cemetery, crematory, other place) **Forest Hills Crematory** |
|---|---|

| 25c. Location of Disposition (City & State or Foreign Country) **Boston, MA** | 25d. Date of Disposition  mm  dd  yyyy **03/04/2006** |
|---|---|

| 26a. Funeral Establishment **Hearn Funeral Home** | 26b. Address (Street and Number)   City & State   ZIP Code **43 Cummins Hwy Roslindale, Boston, MA 02131** |
|---|---|

VR 16 (Rev. 01/00)

This is to certify that the foregoing is a true copy of a record on file in the Department of Health and Mental Hygiene. The Department of Health and Mental Hygiene does not certify to the truth of the statements made thereon as no inquiry as to the facts has been provided by law.

Steven P. Schwartz, Ph.D. , City Registrar

Do not accept this transcript unless it bears the security features listed on the back. Reproduction or alteration of this transcript is prohibited by §3.21 of the New York City Health Code if the purpose is the evasion or violation of any provision of the Health Code or any other law.

DATE ISSUED **March 1, 2006**        DOCUMENT No. **V142024**

The City of New York

From—

T-134   P.011/011   F-933

# Surrogate's Court
# of the County of New York

### LETTERS OF ADMINISTRATION
The People of the State of New York

Index#2006-2002

To Maureen M Saint Guillen,     send greetings:

WHEREAS, Imette St Guillen AKA Imette Carmela St Guillen, Imette C Saint Guillen   died intestate on February 25, 2006, and

WHEREAS the decree of this court made June 21, 2006 directed the issuance to  you of LETTERS OF ADMINISTRATION with the limited power however as indicated in the margin hereof upon your qualifying according to law,

NOW, THEREFORE, KNOW YE that you are hereby authorized to administer the estate of the said deceased subject to the jurisdiction and supervision of this court

**RESTRICTIONS** These letters authorize the collection only of a total of $4000.00 dollars.  Any collection above that amount must be authorized by further order of the Surrogate These letters with respect to the cause of action are limited to the power to prosecute and confer no power to compromise the action, collect any settlement or enforce any judgment until further order of the court

WITNESS, Hon Renee R. Roth  a Surrogate of the County of New York, this June 22, 2006.

Jane Passerant

Clerk of the Surrogate's Court

**NOTICE**

Attention is called to the provisions of Sec 11-1.6 of Estates, Powers and Trusts Law and Sec 719 of Surrogate's Court Procedure Act, which make it a misdemeanor and a cause for removal for an executor, administrator, trustee or guardian to deposit or invest estate funds in his individual account or name. All estate funds must be deposited in the name of the executor, administrator, trustee or guardian in his or her representative capacity and to the credit of the estate.

**\* THIS ORIGINAL LETTER IS NOT VALID WITHOUT A RAISED SEAL OF THE COURT \***



RECEIVED 10.1.07

JAMES C. DUFF
Director

JILL C. SAYENGA
Deputy Director

# ADMINISTRATIVE OFFICE OF THE
# UNITED STATES COURTS

WASHINGTON, D.C. 20544

WILLIAM R. BURCHILL, JR.
Associate Director
and General Counsel

ROBERT K. LOESCHE
Deputy General Counsel

October 15, 2007

## CERTIFIED MAIL - RETURN RECEIPT REQUESTED

Christopher G. Lang, Esq.
The Law Office of Christopher G. Lang
1842 Centre Street
West Roxbury, MA 02132

Dear Mr. Lang:

This will serve as formal notification that the Administrative Office of the United States Courts has denied in full your client's tort claim dated August 24, 2006, for $100,000,000.00 arising from alleged actions of the United States Probation Office of the Eastern District of New York in the course of supervising Darryl Littlejohn, a/k/a Johnathan Blaze.

It is this agency's conclusion that, because this claim arises from actions by the court in imposing probation upon Mr. Littlejohn, and by the United States Probation Office in supervising Mr. Littlejohns's release, both of which are functions integral to the judicial process, the claim may not be settled under authority of the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680. The United States may assert judicial immunity from liability, when that immunity would be available to the federal officer or employee whose conduct gives rise to the claim. 28 U.S.C.§ 2674.

You have not proven negligence on the part of a federal officer or employee that could give rise to tort liability under state law. 28 U.S.C. § 2672. To the extent your client alleges violations to her constitutional rights, her claims are excluded from the coverage of the Federal Tort Claims Act. 28 U.S.C. § 2679(b)(2).

A TRADITION OF SERVICE TO THE FEDERAL JUDICIARY

Case 1:08-cv-00141-DLI -JO  Document 10F DE ed 01/31/08  Page 14 of 14  @003

Christopher G. Lang, Esq.
Page 2

    I am required by regulations of the Department of Justice to advise you that, if you are dissatisfied with this agency's disposition of this claim, you have the right to file suit in an appropriate United States district court within six months of the date of mailing of this notification.

        Sincerely,

        *John Chastain*

        John L. Chastain
        Assistant General Counsel

cc:    Helen H. Krapels
       Khlayer Sowell