# EXHIBIT A

PRE-SENTENCING REPORT

## **<u>REDACTED</u>**

TO BE HAND DELIVERED TO MAGISTRATE ORENSTIEN

# EXHIBIT B

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

------------------------------------------------X

MAUREEN SAINT-GUILLEN, individually, and as

Administratrix of the ESTATE OF IMETTE

SAINT-GUILLEN, and the ESTATE OF IMETTE

SAINT-GUILLEN,

         PLAINTIFF,

   -against-  Case No:

         CV-08-441

THE UNITED STATES OF AMERICA,

         DEFENDANT.

------------------------------------------------X

     DATE: March 26, 2010

     TIME: 9:48 a.m.

    EXAMINATION BEFORE TRIAL of the

Non-Party Witness, ANTHONY Garoppolo, taken by

the Plaintiff(s), pursuant to an Order and to the

Federal Rules of Civil Procedure, held at the

offices of The United States Attorney's Office,

271 Cadman Plaza East, Brooklyn, New York 11201,

before LA TONIA C. LEWIS, a Notary Public of the

State of New York.

```
 1

 2    A P P E A R A N C E S:

 3

 4

 5    TACOPINA & ARNOLD

 6            Attorneys for Plaintiff(s)

 7            275 Madison Avenue

 8            New York, New York 10016

 9            BY: SCOTT EPSTEIN, ESQ.

10                ANTHONY GENTILE, ESQ.

11                        (OF COUNSEL)

12

13

14

15    THE UNITED STATES ATTORNEY'S OFFICE

16            Attorneys for Defendant(s)

17            271 Cadman Plaza

18            Brooklyn, New York 11201

19            BY: TIMOTHY LYNCH, ESQ.

20

21

22    ALSO PRESENT: Cristine O'Connor

23

24            *           *           *

25
```

1

2    S T I P U L A T I O N S:

3

4      IT IS HEREBY STIPULATED AND AGREED by

5    and between the attorneys for the respective

6    parties herein, that the filing, sealing and

7    certification

8    of the within deposition be waived.

9            IT IS FURTHER STIPULATED AND AGREED that

10   all objections, except as to the form of the

11   question, shall be reserved to the time of the

12   trial.

13           IT IS FURTHER STIPULATED AND AGREED that

14   the within deposition may be sworn to and signed

15   before any officer authorized to administer an

16   oath with the same force and effect as if signed

17   and sworn to

18   before the Court.

19

20

21

22

23

24

25

```
1                    A. GAROPPOLO
2    A N T H O N Y   G A R O P O L L O, called as a
3    witness, having been first duly sworn by a Notary
4    Public of the State of New York, was examined and
5    testified as follows:
6    EXAMINATION BY
7    MR. EPSTEIN:
8         Q.    Please state your name for the
9    record.
10        A.    Anthony Garoppolo.
11        Q.    Please state your address for the
12   record.
13        A.    180 Montague Street, Apartment 21D
14   Brooklyn, New York 11201.
15        Q.    Good morning, sir.  My name is Scott
16   Epstein.  I'm an attorney with Antin, Ehrlich and
17   Epstein, LLP.  We're of counsel to Tacopino &
18   Arnold, LLP the attorneys of record for the
19   plaintiffs Maurine Saint-Guillen as the
20   administratrix in the estates of her deceased
21   daughter, Imette Saint-Guillen.
22             I am going to be ask you some
23   questions today.  If you don't understand a
24   question or don't hear me, let me know.
25             Do you understand that?
```

A. GAROPPOLO

1

2      A.      Yes.

3      Q.      Have you ever testified at a

4  deposition before?

5      A.      No, only at court hearings and grand

6  jury.

7      Q.      Have you reviewed any documents in

8  preparation for your testimony here today?

9      A.      A few weeks ago I saw the complaint,

10  I saw the judgment in the case and there may have

11  been one or two other documents but those two I

12  remember seeing.

13      Q.      Where did you see those documents?

14      A.      Here in this office.

15      Q.      When you say the complaint, you mean

16  the civil complaint that we're here to talk about

17  today?

18      A.      Civil complaint.  I don't have it,

19  but I saw it.

20      Q.      The case underlying the complaint

21  we're here to talk about today?

22      A.      Your case.

23      Q.      When you say the judgement, do you

24  mean the judgement --

25      A.      Criminal judgment.

```
 1                    A. GAROPPOLO

 2          A.     St. Francis College in Brooklyn

 3   Heights.

 4          Q.     Did you graduate?

 5          A.     Yes.

 6          Q.     With what type of degree?

 7          A.     Major in sociology.

 8          Q.     Did you go straight to work for the

 9   United States government upon graduation?

10          A.     At night.

11          Q.     Based upon?

12          A.     That night.

13          Q.     Since you graduated from St.

14   Francis, have you had any formal education or

15   training?

16          A.     Master's degree in criminal just

17   from John Jay College.

18          Q.     When did you receive that degree?

19          A.     February '77.

20          Q.     Did you go part-time?

21          A.     Yes, at night.

22          Q.     While you were fully employed by the

23   United States government?

24          A.     Right.

25          Q.     So let's start with 1972 and just
```

A. GAROPPOLO

1

2    previously, could you tell me as quickly as you

3    can what your positions were with the approximate

4    dates from when to when?

5         A.    Counsel aid with the federal bureau

6    of prisons.

7         Q.    Federal bureau of prisons?

8         A.    Yes.

9         Q.    When was that from?

10        A.    June '72 to April '73.  April '73

11   to, approximately, June '73 correctional officer.

12   Approximately, June '73 to January '75

13   correctional treatment specialist for which the

14   functional title was case manager.

15        Q.    Go on from '75?

16        A.    January '75, probation officer in

17   federal court, Eastern District of New York.  And

18   then -- you want my positions.

19        Q.    Yes.

20        A.    Then approximately fifteen years

21   later --

22        Q.    That would be, approximately, 1990?

23        A.    Yes, sentencing guideline

24   specialist.  Approximately 1991, supervisor.

25   Approximately 1992, deputy chief.  Approximately,

```
                          A. GAROPPOLO
1
2    2002 senior deputy chief.   January 2004, chief.
3           Q.      Until your retirement?
4           A.      Until my retirement.
5           Q.      I have some very, very simple
6    questions going back over your history.
7                   What are the functions of a
8    counsellor's aide or a counsellor aide?
9           A.      Basically everything, managing
10   inmates in a halfway house, work release,
11   program, handcuff them and take them into custody
12   when needed, counselling duties, searches of
13   rooms, bed checks.  You name it, I did it.
14          Q.      Let me digress for a second, are you
15   a licensed peace officer?
16          A.      No.
17          Q.      When you worked for the
18   government --
19          A.      When I was a federal probation
20   officer, I was authorized to carry a firearm, I
21   am not sure what our status was in New York
22   State, I believe it may have been peace officer,
23   but there was federal authority.  But for the
24   most part, I did not carry a firearm.
25          Q.      You were authorized and licensed to
```

```
 1                    A. GAROPPOLO
 2   carry a firearm and you made arrest, right?
 3          A.     I personally never made arrest.
 4   Some of my colleagues did, but not I.
 5          Q.     Before you were a correction officer
 6   at the community treatment center complex in
 7   Manhattan, which was run by the Bureau of
 8   Prisons.
 9          A.     It no longer exist, but once upon a
10   time it was there, I worked there.  My official
11   duty station was at the federal detention center
12   on West Street, which is now defunct, but most of
13   the time I wasn't there.
14          Q.     By the way, do you have a resume or
15   CV that contains all this information to try to
16   get through this quicker?
17          A.     No.  I have a good memory, I can run
18   right through it with you.
19          Q.     What is a CTS?
20          A.     Correction treatment specialist, a
21   civil service title.
22          Q.     What were your functions?
23          A.     Basically everything I just said for
24   counsellor aide, we were generalist in that
25   community center treatment collection.  If you
```

A. GAROPPOLO

1

2  were a case manager, counsellor's aide,

3  correctional officer, most people did the same

4  general duties.

5        Q.    I'm more concerned with from 1975 to

6  your retirement, when you became a parole officer

7  in 1975?

8        A.    Officially, a probation officer.

9        Q.    I'm sorry, probation officer.

10        You were in the Eastern District of

11  New York, correct?

12        A.    Yes.

13        Q.    What were your duties as a probation

14  officer?

15        A.    Supervise federal offenders and to

16  write presentence reports and do presentence

17  investigations.

18        MR. EPSTEIN:  Can you read back the

19        last answer for me.

20        (Whereupon, the referred to answer

21        was read back by the Reporter.)

22        Q.    You did that for approximately

23  fifteen years?

24        A.    I supervised offenders for the ten

25  years.  The last five years I worked in pretrial

A. GAROPPOLO

1

2    services for a while when the probation office

3    ran that function.  They don't know, but they did

4    back then so I wasn't writing any presentence

5    reports.

6         Q.    Let's stick with the first ten

7    years?

8         A.    Presentence reports and supervising

9    offenders.

10        Q.    Is that what you did for the first

11   ten years?

12        A.    Yes.

13        Q.    Approximately, how many offenders

14   did you have at any given period of time?

15        A.    I would say the range was usually

16   between forty and fifty-five.

17        Q.    What types of offenders were they,

18   if you can answer that question?

19        A.    Very criminal offenses of all types,

20   but I would say predominantly narcotics

21   distribution.

22        Q.    What did you do basically the last

23   five years of that tenure?

24        A.    That was more varied two years I

25   worked at pretrial services and did preindustrial

```
 1                    A. GAROPPOLO
 2  services worked.
 3          Q.     What did that entail?
 4          A.     Doing bail reports for judges, there
 5  was some supervision of pretrial detainees, but
 6  supervision only in the most marginal sense.  And
 7  basically advising magistrate judges on bail
 8  matters, sometimes privately.
 9          Q.     Then in 1991 you were made a
10  supervisor?
11          A.     First I was a specialist then a
12  supervisor.
13          Q.     What was your exact title,
14  supervisor of what?
15          A.     I had a unit of probation officers.
16          Q.     How many probation officers did you
17  supervise?
18          A.     Five to six.
19          Q.     What did that supervision entail?
20          A.     Making sure they were doing their
21  work in a quality manner, providing guidance and
22  instruction.  Basically managing, oversight of
23  their work.
24          Q.     Was that within the Eastern District
25  of New York?
```

A. GAROPPOLO

1

2      A.      It is the only place I worked as a

3  probation officer.

4      Q.      Did you carry your own caseload

5  during your tenure when you were supervising

6  those five or six probation officers?

7      A.      No.

8      Q.      When in '92 were you promoted to

9  deputy chief, what was the exact title?

10      A.      Approximately?

11      Q.      All these dates are approximately,

12  what was the exact title?

13      A.      Deputy chief and placed in charge of

14  the presentence division.

15      Q.      What differed about what you did

16  when you were made a deputy chief over just

17  supervisor?

18      A.      Well, now, I supervised supervisors

19  in the presentence division.  And I made policy

20  as to how the presentence would be run and how we

21  would do our presentence investigations.

22      Q.      Were you supervising probation

23  officers that were actually supervising offenders

24  at that point or no?

25      A.      No, I had nothing to do with

Case 1:08-cv-00441-DLI -JO   Document 41-1   Filed 04/19/10   Page 16 of 62

1                      A. GAROPPOLO

2    supervision.

3          Q.      Of people who were supervising

4    offenders?

5          A.      Right.

6          Q.      During your tenure as deputy chief?

7          A.      During that deputy chief period.

8    Correct.  I had nothing to do with supervision of

9    offenders that's separate division.

10         Q.      In 2002, you were promoted again to

11   senior deputy chief, of what?

12         A.      Again, I was still in charge of

13   presentence division, but now because I was the

14   number two person in the probation office I could

15   be called upon for broader activities from time

16   to time and I was.

17         Q.      Did your role as senior deputy chief

18   involve the supervision of probation officers who

19   were monitoring or supervising offenders?

20         A.      No, not normally.  I did investigate

21   them from time to time, but not supervise them.

22         Q.      Who did you investigate the

23   probation officers or the offenders?

24              MR. LYNCH: Objection.

25         Q.      What did you mean by you

1                        A. GAROPPOLO

2    investigated them?

3            A.      Sometimes we had to do internal

4    investigators of probation officers.  I remember

5    one in particular that I had to lead the

6    investigation.

7            Q.      Then ultimately you were made chief

8    in January of 2004, correct?

9            A.      Correct.

10           Q.      What was your title?

11           A.      Chief probation officer.

12           Q.      What were your duties in 2004?

13           A.      To manage and lead the federal

14   probation office.

15           Q.      Within the Eastern District of New

16   York?

17           A.      Yes.

18           Q.      And could you tell me very briefly

19   from 2004 -- can we agree that Imette

20   Saint-Guillen was killed in the end of 2006?

21                   MR. LYNCH:   Objection.

22           Q.      Do you know when she was killed?

23           A.      I don't know the date, but I know it

24   was during my term as chief.

25           Q.      If I tell you it was February 25th

```
 1                        A. GAROPPOLO

 2          Q.      Yes.

 3          A.      Sure.

 4          Q.      Would the use of weapons to commit a

 5   crime or crimes be a factor?

 6          A.      Sure.  Definitely.

 7          Q.      What documents would obtain this

 8   information in your department for evaluation of

 9   assessment for risk beyond the presentence

10   report?

11          A.      The presentence report would be the

12   primary document, beyond what we might have in

13   some cases state presentence reports.  We might

14   have some state parole records, but in most

15   instances we don't.

16          Q.      What general conditions would be

17   placed on an offender following an assessment by

18   your office?

19          A.      Well, the conditions of supervision

20   are the same before and after an evaluation.  It

21   is just a matter of how we are going to supervise

22   a particular offender.  And whether or not the

23   person is going to be placed in a general

24   caseload or some kind of specialized caseload

25   that would be termed after release.
```

1              A. GAROPPOLO

2          MR. LYNCH:  Objection.

3      A.      Probably from my own staff.

4      Q.      Would Exhibit 2 have been part of

5  the presentence report?

6      A.      The prior criminal history would be

7  contained in the presentence report not in a rap

8  sheet itself. The same information just in a

9  different format.  The format would be different.

10  I can't say all of the information would be

11  exactly the same, but it would be at least

12  roughly the same.

13      Q.      Would this document Exhibit 2 would

14  have dictated the level of supervision Mr.

15  Littlejohn was supposed to be under?

16      A.      It would be part of the

17  consideration.

18      Q.      Based upon what you reviewed would

19  Mr. Littlejohn have been subject to the highest

20  level of supervision by your office?

21          MR. LYNCH:  Objection.

22      A.      Not necessarily, we would have to

23  see more.  The primary document that we would

24  work with is the presentence report which gives

25  us a more complete picture than just a wrap sheet

                           A. GAROPPOLO

2    office?

3         A.     Correct.

4         Q.     That's, in fact, what you are doing

5    now for a living, isn't it?

6         A.     Essentially.

7         Q.     After the inquiry, was there a

8    conclusion made as to what level of supervision

9    Mr. Littlejohn would have fallen into?

10        A.     No.

11        Q.     Why not?

12        A.     It didn't matter.  The cow was out

13   of the barn.

14        Q.     Where do you think based upon your

15   experience as chief of the probation office

16   knowing what you know now where he was, would he

17   have fallen into this level of supervision?

18             MR. LYNCH:  Objection.

19        A.     I would need more than just this

20   wrap sheet to give you an opinion.  If you are

21   looking for my opinion, I need the presentence

22   report.

23        Q.     Based upon that document where would

24   you have placed him, just that document?

25             MR. LYNCH:  Objection.

```
1                  A. GAROPPOLO

2        A.       It did not happen here.

3        Q.       What is the function of a

4  presentence report?

5        A.       To aid the judge is sentencing the

6  offender.  It also shows the Bureau of Prisons in

7  classifying the offender in dealing with him in

8  the institution.  And it is the primary document

9  we work with in evaluating and offender we have

10 in supervision.

11       Q.       I also want to digress to something

12 else to clean it up so we don't have to come back

13 to it on Monday.  We talked about two jobs one a

14 person who gets a judgment, looks at it and flags

15 it for a state incarcerated offender.  And two

16 who then is supposed to pass it onto somebody to

17 followup for a release date?

18       A.       Yes.

19       Q.       Who supervised either or both of

20 those people between 2004 and 2006?

21       A.       Between 2004 and 2006?

22       Q.       Right.

23                Mr. Littlejohn was incarcerated in

24 2004 and -- I'm sorry, he was released in 2004?

25       A.       He was released in 2004.
```

1                          A. GAROPPOLO

2    function.

3              Q.    And who would that be?

4              MR. LYNCH:   Objection.

5         A.    I have no idea.

6              Q.    We talked earlier briefly about risk

7    assessment.  Is the assessment for risk different

8    in a presentence report than from a post release

9    supervision report?

10             MR. LYNCH:   Objection.  Asked and

11             answered.

12             Q.    And how so?

13        A.    Well, there is no --  it depends

14   what you mean by report.  I would say there was

15   no --

16             Q.    Is the risk assessment different

17   presentence from post release?

18        A.    The risk assessment.  I would say it

19   is largely the same.  It is largely the same.

20             Q.    Is that why the presentence report

21   is so critical in determining the level of

22   supervision an offender mandates?

23        A.    It gives us the most complete

24   picture of the offender that we have and it is of

25   critical importance.

1              A. GAROPPOLO

2        (Continued on next page to include

3    jurat.)

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1            A. GAROPPOLO

2        MR. EPSTEIN:  Thank you.  I

3   appreciate you coming in today and I would

4   like to start at nine on Monday as opposed

5   to ten to make sure we finish with him

6   even with a break for walking his dog

7   midday so we can be done with this.

8        MR. LYNCH:  9:30.

9        (Whereupon, at 1:23 p.m., the

10   examination of this witness was

11   concluded.)

12

13                    •


            _____

14                    ANTHONY Garoppolo

15

16   Subscribed and sworn to before me

17   this _____ day of _____ 20___.

18

     _____

19       NOTARY PUBLIC

20

21

22

23

24

25

```
 1                    A. GAROPPOLO
 2               E X H I B I T S
 3
 4   PLAINTIFF(s)' EXHIBITS:
 5
 6   EXHIBIT       EXHIBIT                   PAGE
 7   NUMBER        DESCRIPTION
 8   1             Document                  1
 9   2             Document                  80
10
11                    I N D E X
12
13   EXAMINATION BY                          PAGE
14   Mr. Epstein                             3
15
16   INFORMATION AND/OR DOCUMENTS REQUESTED
17   INFORMATION AND/OR DOCUMENTS      PAGE
18   Bobbe's Cell number                29
19
20
21        QUESTIONS MARKED FOR RULINGS
22   PAGE LINE    QUESTION
23   (NONE)
24
25
```

```
 1                    A. GAROPPOLO
 2            C E R T I F I C A T E
 3
 4   UNITED STATES DISTRICT COURT      )
                                       :  SS.:
 5   EASTERN DISTRICT OF NEW YORK      )
 6
 7
 8        I, LA TONIA C. LEWIS, a Notary Public for
 9   and within the State of New York, do hereby
10   certify:
11        That the witness whose examination is
12   hereinbefore set forth was duly sworn and that
13   such examination is a true record of the
14   testimony given by that witness.
15        I further certify that I am not related to
16   any of the parties to this action by blood or by
17   marriage and that I am in no way interested in
18   the outcome of this matter.
19        IN WITNESS WHEREOF, I have hereunto set my
20   hand this 16th day of March 2010.
21
22
23                    LA TONIA C. LEWIS
24
25
```

**EXHIBIT C**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

MAUREEN SAINT-GUILLEN, individually, and as

Administratrix of the ESTATE OF IMETTE

SAINT-GUILLEN, and the ESTATE OF IMETTE

SAINT-GUILLEN,

                            PLAINTIFF,

        -against-        Case No:

                         CV-08-441


THE UNITED STATES OF AMERICA,

                            DEFENDANT.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X


            DATE: March 29, 2010

            TIME: 9:48 a.m.



        EXAMINATION BEFORE TRIAL of the

Non-Party Witness, ANTHONY GAROPPOLO, taken by

the Plaintiff(s), pursuant to an Order and to the

Federal Rules of Civil Procedure, held at the

offices of The United States Attorney's Office,

271 Cadman Plaza East, Brooklyn, New York 11201,

before LA TONIA C. LEWIS, a Notary Public of the

State of New York.

```
 1    A P P E A R A N C E S:

 2

 3

 4    TACOPINA & ARNOLD

 5          Attorneys for Plaintiff(s)

 6          275 Madison Avenue

 7          New York, New York 10016

 8          BY: SCOTT EPSTEIN, ESQ.

 9               ANTHONY GENTILE, ESQ.

10                    (OF COUNSEL)

11

12

13    THE UNITED STATES ATTORNEY'S OFFICE

14          Attorneys for Defendant(s)

15          271 Cadman Plaza

16          Brooklyn, New York 11201

17          BY: TIMOTHY LYNCH, ESQ.

18

19

20

21

22          *          *          *

23

24

25
```

1

2    S T I P U L A T I O N S:

3

4      IT IS HEREBY STIPULATED AND AGREED by

5    and between the attorneys for the respective

6    parties herein, that the filing, sealing and

7    certification

8    of the within deposition be waived.

9          IT IS FURTHER STIPULATED AND AGREED that

10   all objections, except as to the form of the

11   question, shall be reserved to the time of the

12   trial.

13          IT IS FURTHER STIPULATED AND AGREED that

14   the within deposition may be sworn to and signed

15   before any officer authorized to administer an

16   oath with the same force and effect as if signed

17   and sworn to

18   before the Court.

19

20

21

22

23

24

25

1                    A. GAROPPOLO

2   A N T H O N Y    G A R O P O L L O, called as a

3   witness, having been first duly sworn by a Notary

4   Public of the State of New York, was examined and

5   testified as follows:

6   EXAMINATION BY

7   MR. EPSTEIN:

8          Q.     Please state your name for the

9   record.

10         A.     Anthony Garoppolo.

11         Q.     Please state your address for the

12  record.

13         A.     180 Montague Street, Apartment 21D,

14  Brooklyn, New York 11201.

15         Q.     Good morning, Mr. Garoppolo.

16                Have you reviewed any documents in

17  between when we ended last Friday and this

18  morning in connection with this case?

19         A.     No.

20         Q.     Have you discussed your proposed

21  testimony here today with anyone whatsoever

22  including Mr. Lynch before we started this

23  morning?

24                MR. LYNCH:  I would object to

25          proposed, but you can answer.

1                      A. GAROPPOLO

2         A.      I haven't discussed proposed

3    testimony, just the length of it.

4         Q.      You just discussed the procedural

5    aspects?

6              MR. LYNCH:   Objection.

7         A.      I just asked if he thought we would

8    be done this morning.

9         Q.      What is a pretrial report as opposed

10   to a presentence report?

11        A.      It is a report for the judge.

12   Usually a magistrate judge in which some basics

13   of the defendant's background are covered.  It is

14   a short report.  Perhaps, one or two pages.  And

15   it helps the magistrate judges determine whether

16   or not this is a good candidate for bail release

17   and if so under what conditions.

18        Q.      Is it used in connection whatsoever

19   with the level of supervision your former office

20   recommended or suggested?

21        A.      We have access to the pretrial

22   report and usually have it in our file, how it

23   may be used for a level of supervision, I don't

24   know.

25        Q.      Who would know?

A. GAROPPOLO

1

2          next exhibit, please.

3          Q.     Sir, before we get to the document

4     just a brief question to kind of conclude what we

5     talked about on Friday.  That is, is risk

6     assessed amount different for pretrial versus

7     presentence versus level of supervision?

8                    MR. LYNCH:  Objection.  Compound.

9          A.     Well, versus presentence, pretrial

10    and supervision.

11         Q.     Right?

12         A.     There is overlapping factors and

13    concerns.

14         Q.     As briefly as you can, can you tell

15    me the similarities and differences just briefly?

16                    MR. LYNCH:  Objection.  You can

17                answer.

18         A.     Well, with pretrial, I mean it is

19    for a very limited evaluation, one is he

20    dangerous to the community, he or she.  Two, how

21    likely is he or she to keep court appearances.

22    With presentence and for sentencing, it is a much

23    broader assessment.  It is not just risk to the

24    community.  It is also level of punish amount

25    that may be needed for account ability purposes

A. GAROPPOLO

MR. LYNCH:  Objection.

Q.     As we sit here today, do you have a belief as to what level of supervision before we go through the documents that Mr. Littlejohn would have been subjected to by your office had the system worked?

MR. LYNCH:  Objection.  You can answer.

A.     I would need the presentence report to give you a most intelligent answer.  And I don't have it.

Q.     What, specifically, in the presentence report would you look at to help you answer the question?

A.     The whole thing, what he did in the offense, the details of what he did in the offense, the prior criminal record.  I would want to see the social background.  I would want to see does he change names frequently.  Get a whole picture.

Q.     Do you know if Mr. Littlejohn went by any aliases or changed names as we sit here today?

MR. LYNCH:  Objection.

1                          A. GAROPPOLO

2    Officer, does that mean anything to you?

3            A.      Yes, it means he had one promotion

4    above the bottom wrung.

5            Q.      Do you recall him?

6            A.      Yes, I knew him slightly.

7                    (Continued on next page to include

8    jurat.)

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1                    A. GAROPPOLO

2

3        Q.      Is he still with the government?

4        A.      Probably.

5              MR. LYNCH:  Mr. Garoppolo reserves

6        his right to review and correct the

7        transcript.

8              (Whereupon, at 1:25 P.M., the

9        examination of this witness was

10       concluded.)

11

12

                    _____

13                  ANTHONY GAROPPOLO

14

15   Subscribed and sworn to before me

16   this _____ day of _____ 20___.

17

     _____

18       NOTARY PUBLIC

19

20

21

22

23

24

25

```
 1                    A. GAROPPOLO

 2                 E X H I B I T S

 3

 4     PLAINTIFF(s)' EXHIBITS:

 5

 6     EXHIBIT      EXHIBIT                    PAGE

 7     NUMBER       DESCRIPTION

 8       3          Document                    13

 9       4          Document                    36

10       5          Bates document Probation 372  53

11       6          PACTS printout               57

12       7          Bates document Probation 85-88  62

13       8          State of New York document   71

14       9          Document                     75

15      10          Case entries                 77

16      11          Article                      83

17      12          Article                      88

18      13          Document                     89

19      14          Arrest warrant               93

20      15          violation of supervised release  95

21     report

22      16          Document                     99

23      17          Document                    107

24      18          Monograph                   119

25                    I N D E X
```

1                              A. GAROPPOLO

2

3        EXAMINATION BY                              PAGE

4        Mr. Epstein                                 3

5

6

7        INFORMATION AND/OR DOCUMENTS REQUESTED

8        INFORMATION AND/OR DOCUMENTS        PAGE

9        (NONE)

10

11

12              QUESTIONS MARKED FOR RULINGS

13       PAGE LINE    QUESTION

14       (NONE)

15

16

17

18

19

20

21

22

23

24

25

```
1                    A. GAROPPOLO

2                C E R T I F I C A T E

3

4  UNITED STATES DISTRICT COURT      )

                                     :  SS.:

5  EASTERN DISTRICT OF NEW YORK      )

6

7

8        I, LA TONIA C. LEWIS, a Notary Public for

9  and within the State of New York, do hereby

10  certify:

11        That the witness whose examination is

12  hereinbefore set forth was duly sworn and that

13  such examination is a true record of the

14  testimony given by that witness.

15        I further certify that I am not related to

16  any of the parties to this action by blood or by

17  marriage and that I am in no way interested in

18  the outcome of this matter.

19        IN WITNESS WHEREOF, I have hereunto set my

20  hand this 29th day of March 2010.

21

22

                    La Tonia C. Lewis

23                  LA TONIA C. LEWIS

24

25
```

**EXHIBIT D**

SR: TDL
USAO File # 2008V00189
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| MAUREEN SAINT-GUILLEN, individually, and As Administratrix of the Estate of Imette Saint-Guillen, and the ESTATE OF IMETTE SAINT-GUILLEN<br><br>               Plaintiffs,<br><br>   -against-<br><br>THE UNITED STATES OF AMERICA,<br><br>               Defendant. | Civil Action<br>No. CV-08-441<br><br>(Irizarry, J.)<br>(Orenstein, M.J.)<br><br>**DEFENDANT'S DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)** |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Defendant United States of America ("Defendant" or "Government"), by its attorney, BENTON J. CAMPBELL, United States Attorney for the Eastern District of New York, Timothy D. Lynch, Assistant United States Attorney, of counsel, pursuant to Rule 26(a) of the Federal Rules of Civil Procedure, hereby submits to Plaintiffs Maureen St. Guillen and the Estate of Imette St. Guillen (collectively, "Plaintiffs") the following disclosure statement:

*(i) The name and, if known, the address and telephone number of each individual likely to have discoverable information---along with the subjects of that information---that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment:*

    1.     Maureen St. Guillen
            18 Francis Street
            Boston, MA 02115

Plaintiff Maureen St. Guillen is the mother of the decedent, Imette St. Guillen, as well as the adminstratrix of the estate of the decedent. Plaintiff Maureen St. Guillen claims on behalf of herself and the estate to have incurred damages on account of the death of the decedent.

2.      Darryl Littlejohn
        DIN # 09A0226
        Downstate Correctional Facility
        122 Red Schoolhouse Rd.
        P.O. Box 445
        Fishkill, New York 12524-0445
        (845) 831-6600

Mr. Littlejohn was convicted of the rape and murder of Imette St. Guillen on June 3, 2009, and sentenced to life imprisonment without parole on July 8, 2009.

3.      Anthony Garoppolo
        Former Chief
        U.S. Probation Dep't
        Eastern District of New York
        147 Pierrepont Street
        Brooklyn, NY 11201-4201

Mr. Garoppolo was in charge of the Probation Department for the period of time that it was responsible for supervising Darryl Littlejohn.  Mr. Garoppolo may only be contacted through the undersigned counsel for the United States.

*(ii) A copy of---or a description by category and location---of, all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment:*

1.      The administrative file concerning plaintiffs' administrative claim, including, but not limited to, the Standard Form 95 ("SF 95"), and other related documents plaintiffs submitted in support of their administrative claim;
2.      Darryl Littlejohn's probation file, including, but not limited to, presentence investigation report;
3.      The Supervision of Federal Offenders, Monograph 109 (Rev. 2008); and
4.      The Supervision of Federal Offenders Monograph 109 (Rev. 2007).

*(iii) a computation of each category of damages claimed by the disclosing party--- who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered:*

Not applicable at this time.

2

*(iv) for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment:*

Not applicable.

Defendant provides the foregoing information without waiving or intending to waive, and preserving and intending to preserve, any and all objections, privileges, and protections from disclosure that it might have, including, but not limited to, information prepared in anticipation of litigation, the attorney-client privilege, and work product protection.

Dated: Brooklyn, New York
November 10, 2009

<div style="margin-left:40%">

BENTON J. CAMPBELL
United States Attorney
Eastern District of New York
*Attorney for Defendant*
271 Cadman Plaza East
Brooklyn, New York 11201

</div>

By: _____

TIMOTHY D. LYNCH (TL 8561)
Assistant U.S. Attorney
(718) 254-6288/7000

TO:     Joseph Tacopina, Esq.
        TACOPINA &
        ARNOLD LLP
        *Attorneys for Plaintiffs*
        275 Madison Avenue-35th Floor
        New York, New York 10016
        (212) 883-8833

3

Civil Action No. _____   CV-08-0441

UNITED STATES DISTRICT COURT
Eastern District of New York

MAUREEN SAINT-GUILLEN,
individually, and As Administratrix of the Estate of
Imette Saint-Guillen, and the ESTATE OF
IMETTE SAINT-GUILLEN,

Plaintiffs,

- against -

THE UNITED STATES OF AMERICA,

Defendant.

DEFENDANT'S DISCLOSURES PURSUANT TO FED.R.CIV.P.26(a)

**Benton J. Campbell**

United States Attorney,
Attorney for EDNY
Office and Post Office Address,
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York  11201

Due service of a copy of the within
is hereby admitted.

Dated:_____ 20___

Attorney for  Defendant
TIMOTHY LYNCH, AUSA
(718) 254-6288

---

SIR:

PLEASE TAKE NOTICE that the within will be presented for settlement and signature to the Clerk of the United States District Court in his office at the UNITED STATES DISTRICT COURT U.S. Courthouse, 225 Cadman Plaza East, EASTERN DISTRICT OF NEW YORK Brooklyn, New York, on the _____ day of _____ 20___ at 10:30 o'clock in the forenoon.

Dated: Brooklyn New York,
_____ 20___

United States Attorney,
Attorney for

To:

Attorney for _____

SIR:

PLEASE TAKE NOTICE that the within is a true copy of a _____ duly entered herein on the _____ day of _____ in the office of the Clerk of the Eastern District of New York,

Dated: Brooklyn, New York
_____ 20___

United States Attorney,
Attorney for

To:

Attorney for

**EXHIBIT E**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
MAUREEN SAINT-GUILLEN, individually, and as
Administratrix of the Estate of Imette Saint-Guillen, and
the ESTATE OF IMETTE SAINT-GUILLEN,

                                      Plaintiff,

        -against-

THE UNITED STATES OF AMERICA

                                    Defendant.
-------------------------------------------------------------------------X

**Case No.:  08 441**

**ORENSTEIN, M.J.**

**Plaintiff's Demand for
Documents**

**PLEASE TAKE NOTICE**, that pursuant to the FRCP , you are hereby required to serve a response to the below upon the undersigned within 20 days after service of the Demand, setting forth the following:

    1.     Any and all documents regarding the release of Darryl Littlejohn from prison in July 2004, including but not limited to all those concerning the terms of his supervision and/ or monitoring

    2.     Any and all documents regarding the defendant's statutes, ordinances, rules, regulations and policies regarding the type of offender that Darryl Littlejohn was( in existence from July 2004 through February 2006), and what type of supervision and/or monitoring was mandated as a result there of .

    3.     Any and all documents regarding the actual supervision and/or monitoring of Darryl Littlejohn from July 2004 until February 2006.

4.      Any and all documents regarding communication by and between the defendant and

the New York State from January 2004 through February 2006 regarding Darryl Littlejohn.

Dated: New York, New York
       December 24, 2009



                                        Tacopina and Arnold, LLP.
                                        Attorneys for Claimant

                              By:  _____
                                        Scott W. Epstein  (5245)
                                        Antin, Ehrlich & Epstein Of Counsel
                                        49 West 37th Street, 7th Floor
                                        New York, New York 10018
                                        (212) 221-5999
                                        (212) 221-6867 (f)



To:     Timothy D. Lynch, Esq.
        U.S. Attorney's Office
        Eastern District of New York
        147 Pierrepont Street
        Brooklyn, New York 11201

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK    )
                         )    ss:

COUNTY OF NEW YORK )

CYNTHIA V. JONES-FOSTER, being duly sworn, deposes and says:

I am not a party to the action, am over 18 years of age and reside at 49 West 37th Street, New York, New York 10018,

On the December 24, 2009, I served a true copy of the annexed **PLAINTIFF'S DEMAND FOR DOCUMENTS** in the following manner:

☐
Reg. Mail

by mailing the same in a sealed envelope, with postage prepaid thereon, in a post-office or official Service depository of the U.S. Postal Service within the State of New York, addressed to the last-known address of by mail the addressee(s) as indicated below:

☐
Personal Service

by delivering the same personally to the persons at the address indicated below.

■
Service by Electronic Means

by transmitting the same to the attorney by electronic means to the telephone number or other station or other limitation designated by the attorney for that purpose. In doing so I received a signal from the equipment of the attorney indicating that the transmission was received, addressed to the last-known address of the addressee(s) as indicated below.

☐
Overnight Delivery Service

by depositing the same with an overnight delivery service in a wrapper properly addressed. Said delivery was made prior to the latest time designated by the overnight delivery service for overnight delivery. The address and delivery service are indicated below.

To:    Timothy D. Lynch, Esq.
U.S. Attorney's Office
Eastern District of New York
147 Pierrepont Street
Brooklyn, New York 11201

CYNTHIA V. JONES-FOSTER

Sworn to before me on this
December 24, 2009

NOTARY PUBLIC

ROSEMARIE PEREZ
Notary Public, State of New York
No. 01PE6004831
Qualified in Bronx County
Commission Expires March 30, 2010

ANTIN, EHRLICH & EPSTEIN, LLP    ORIGINAL

ALL-STATE LEGAL®
07181-BF • 07182-BL • 07183-GY • 07184-WH
800.222.0510  www.aslegal.com

*Index No.*                    *Year 20*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MAUREEN SAINT-GUILLEN, individually, and as Administratrix of the Estate of Imette Saint-Guillen, and the ESTATE OF IMETTE SAINT GUILLEN,

                                        Plaintiffs,

                    -against-

THE UNITED STATES OF AMERICA

                                        Defendants.

PLAINTIFF'S DEMAND FOR DOCUMENTS

**ANTIN, EHRLICH & EPSTEIN, LLP**

*Attorneys for*        Plaintiffs

49 WEST 37TH STREET
7TH FLOOR
NEW YORK, NEW YORK 10018
(212) 221-5999

*Pursuant to 22 NYCRR 130-1.1-a, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, (1) the contentions contained in the annexed document are not frivolous and that (2) if the annexed document is an initiating pleading, (i) the matter was not obtained through illegal conduct, or that if it was, the attorney or other persons responsible for the illegal conduct are not participating in the matter or sharing in any fee earned therefrom and that (ii) if the matter involves potential claims for personal injury or wrongful death, the matter was not obtained in violation of 22 NYCRR 1200.41-a.*

*Dated:*..........................    Signature ....................................................................

                                     Print Signer's Name..........................................................

*Service of a copy of the within*                                    *is hereby admitted.*

*Dated:*

                                     *Attorney(s) for*

*PLEASE TAKE NOTICE*

☐ NOTICE OF ENTRY
    *that the within is a (certified) true copy of a*
    *entered in the office of the clerk of the within-named Court on*                    *20*

☐ NOTICE OF SETTLEMENT
    *that an Order of which the within is a true copy will be presented for settlement to the*
    *Hon.*                                  *, one of the judges of the within-named Court,*
    *at*
    *on*                    *20*       *, at*        *M.*

*Dated:*

                                     **ANTIN, EHRLICH & EPSTEIN, LLP**

              *Attorneys for*

                                     49 WEST 37TH STREET
                                     7TH FLOOR
                                     NEW YORK, NEW YORK 10018

*To:*

*Attorney(s) for*

**EXHIBIT F**



**U.S. Department of Justice**

*United States Attorney's Office*
*Eastern District of New York*

SR:TDL
USAO File # 2008V00189

271 Cadman Plaza East
Brooklyn, New York  11201

January 22, 2010

**Via Federal Express**
Scott W. Epstein, Esq.
Antin, Ehrlich & Epstein LLP
49 West 37th Street, 7th Flr.
New York, New York 10018

Re:  *Maureen Saint-Guillen, et al. v. United States,*
    Civil Action No. CV-08-441 (Irizarry, J.) (Orenstein, M.J.)

Dear Mr. Epstein:

In response to plaintiffs' demand for documents, dated December 24, 2009, enclosed please find additional responsive documents. Please be advised that with regard to certain documents, namely pre-sentencing materials, the Government cannot produce absent a court order. These documents are in the process of being reviewed for possible disclosure under the procedures required by the Administration Office of the U.S. Courts. The undersigned will advise as to whether or not the Government has been authorized to release these documents as soon as possible. Also, a privilege log will be provided under separate cover for documents that have been withheld on privilege grounds.

If you should have any questions, the undersigned may be reached at the number provided below.

Very truly yours,

BENTON J. CAMPBELL
United States Attorney
Eastern District of New York

By:    _____
Timothy D. Lynch
Assistant U.S. Attorney
(718) 254-6288/7000

Enclosure(s)

**EXHIBIT G**

# Antin, Ehrlich & Epstein, LLP
### Attorneys At Law

49 West 37th Street, 7th Floor, New York, New York 10018
Tel. 212-221-5999 • Fax 212-221-6867

Long Island Office
Stephanie G. Ovadia
2160 Hempstead Turnpike
East Meadow, New York 11554
516-542-2133
___
Please respond to
New York City Office

Scott W. Epstein
Joseph L. Ehrlich
Jeffrey S. Antin
Frank Trief
___
Thomas P. Kinney
___
Debra L. Babitch
Of Counsel

March 26, 2010

***Via Hand Delivery***

Hon. Raymond J. Dearie
Chief Judge, U.S. District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   MAUREEN SAINT-GUILLEN, individually, and as Administratrix of the Estate
of Imette Saint-Guillen, and the ESTATE OF IMETTE SAINT-GUILLEN v. THE
UNITED STATES OF AMERICA
Civil Action Docket #: CV- 08-0441 (Irizarry, J.)(Orenstein, M.J.)

Hon. Judge Dearie:

I am of counsel to the attorney of record in the above-referenced civil case and I am
currently handling all pre-trial matters therein. I am writing to request that Your Honor release to
my office a copy of the Pre-Trial Report and Pre-Sentencing Report in the following criminal
case: USA v. Jonathan Blaze (a.k.a., Darryl Littlejohn) 98-CR-105-01.

The aforesaid reports are discoverable items, they are necessary for the prosecution of
plaintiff's current civil action and, most importantly, the AUSA in this matter, Timothy Lynch,
has consented to the disclosure of these documents.

Please let us know when they are ready for retrieval as time is of the essence and we wish
to retrieve them as soon as possible. Thank you in advance for your consideration of this request.

Respectfully submitted,

Scott W. Epstein

cc:   AUSA Timothy Lynch, Esq. (via facsimile)

**EXHIBIT H**

**1:08-cv-00441-DLI -JO** Saint-Guillen et al v. United States of America
Dora Lizette Irizarry, presiding
James Orenstein, referral
**Date filed:** 01/31/2008
**Date of last filing:** 04/13/2010

# History

| Doc. No. | Dates | Description |
|---|---|---|
| | *Filed:* 01/31/2008<br>*Entered:* 02/01/2008 | Summons Issued as to USA |
| | *Docket Text:* Summons Issued as to United States of America, U.S. Attorney and U.S. Attorney General (Bowens, Priscilla) | |
| <u>1</u> | *Filed:* 01/31/2008<br>*Entered:* 02/01/2008 | Complaint |
| | *Docket Text:* COMPLAINT against United States of America$ 350, filed by Maureen Saint-Guillen, Estate of Imette Saint-Guillen. (Attachments: # (1) Civil Cover Sheet) (Bowens, Priscilla) | |
| | *Filed & Entered:* 02/01/2008 | Case Assigned/Reassigned |
| | *Docket Text:* Case Reassigned to Judge Dora Lizette Irizarry. Judge Roslynn R. Mauskopf no longer assigned to the case. (Brown, Marc) | |
| <u>2</u> | *Filed & Entered:* 03/12/2008 | Affidavit of Service |
| | *Docket Text:* AFFIDAVIT of Service for Summons and Complaint served on The United States of America on February 4, 2008, filed by Estate of Imette Saint-Guillen. (Epstein, Scott) | |
| <u>3</u> | *Filed & Entered:* 04/04/2008<br>*Terminated:* 04/10/2008 | Motion for Extension of Time to File Response/Reply |
| | *Docket Text:* First MOTION for Extension of Time to File Response/Reply as to [1] Complaint by United States of America. (Lynch, Timothy) | |
| | *Filed & Entered:* 04/07/2008 | Order |
| | *Docket Text:* ORDER re [3] First MOTION for Extension of Time to File Response/Reply as to [1] Complaint filed by United States of America -- The plaintiff shall respond in writing no later than April 9, 2008. Ordered by Magistrate Judge James Orenstein on April 7, 2008. (Roehm, Scott) | |
| | *Filed & Entered:* 04/10/2008 | Order on Motion for Extension of Time to File Response/Reply |
| | *Docket Text:* ORDER granting [3] Motion for Extension of Time to File Response/Reply -- The plaintiff's counsel having failed to submit a written response as directed, the motion is granted as unopposed. I note that this is not the first time that the attorney representing the plaintiff has failed to comply with an order I have issued. *See Travelers Indemnity Co. v. Liberty Medical Imaging Assoc., et al.*, Docket No. 07-CV-2519 (CPS) (JO), docket entry 68. Counsel's continued failure to comply with court orders, in this case or others, will result in the imposition of sanctions. Ordered by Magistrate Judge James Orenstein on April 10, 2008. (Roehm, Scott) | |
| <u>4</u> | *Filed & Entered:* 06/04/2008 | Letter |

| | | |
|---|---|---|
| *Docket Text:* Letter *Serving Plaintiffs With Defendant's Motion To Dismiss* by United States of America (Lynch, Timothy) | | |
| *Filed & Entered:* | 06/13/2008 | Order |
| *Docket Text:* ORDER re [5] Letter filed by Estate of Imette Saint-Guillen, Maureen Saint-Guillen --As the proposed briefing schedule relates to the government's motion to dismiss the complaint in lieu of an answer, a dispositive matter over which the magistrate judge has no jurisdiction absent a referral from the undersigned, the approval request should have been directed to me. The proposed briefing schedule is hereby APPROVED. Plaintiff's opposition papers shall be served and filed on July 31, 2008 and defendant's reply, if any, shall be filed and served on or before August 18, 2008. The parties are reminded that the motion papers are to be filed electronically via ECF and that hard courtesy copies are to be forwarded to chambers. The parties are further reminded to adhere to the undersigned's Individual Rules and Practices as to page limits and other issues relating to motion practice. SO ORDERED by Judge Dora Lizette Irizarry on 06/13/08. (Irizarry, Dora) | | |
| *Filed & Entered:* | 06/13/2008 | Order |
| *Docket Text:* ORDER re [4] Letter filed by United States of America AND Modifying June 13, 2008 Order approving briefing schedule -- Contrary to the government's statement in its cover letter to plaintiff accompanying its motion to dismiss, pursuant to Sections IV A(4) and IV D(1) of my individual rules and practices, neither the requirements of requesting pre-motion conferences prior to filing motions nor the bundle rule apply to motions to dismiss in lieu of an answer. HOWEVER, since the government has not filed its motion yet and has undertaken to observe the bundle rule, the bundle rule shall apply. Accordingly, counsel shall serve their papers on their adversary on dates set and will file a letter with the court attesting to such service. On August 18, defendant shall file the fully briefed motion electronically and shall provide chambers with a hard courtesy copy. SO ORDERED by Judge Dora Lizette Irizarry on 06/13/08. (Irizarry, Dora) | | |
| *Filed & Entered:* | 06/13/2008 | Letter |
| *5* *Docket Text:* Letter *proposing briefing schedule re: defendant's motion to dismiss* by Maureen Saint-Guillen, Estate of Imette Saint-Guillen (Tacopina, Joseph) | | |
| *Filed & Entered:* | 08/13/2008 | Order |
| *Docket Text:* ORDER re [6] Letter filed by United States of America -- On consent, the government's request for an extension until September 2, 2008 to reply to plaintiff's opposition papers and file its fully briefed motion is hereby GRANTED. SO ORDERED by Judge Dora Lizette Irizarry on 08/13/08. (Irizarry, Dora) | | |
| *Filed & Entered:* | 08/13/2008 | Letter |
| *6* *Docket Text:* Letter *On Consent Requesting A Two Week Extension Of Time To Submit The Government's Reply* by United States of America (Lynch, Timothy) | | |
| *Filed & Entered:* | 08/25/2008 | Letter |
| *7* *Docket Text:* Letter *Respectfully Requesting Permission To Submit Reply Brief That Exceeds The Ten Page Limitation* by United States of America (Lynch, Timothy) | | |
| *Filed & Entered:* | 08/27/2008 | Order |
| *Docket Text:* ORDER re [7] Letter filed by United States of America -- The application is granted. Ordered by Magistrate Judge James Orenstein on August 27, 2008. (Kochendorfer, Kate) | | |
| *Filed & Entered:* | 08/27/2008 | Letter |
| *8* *Docket Text:* Letter *Advising That Adversary Consents To The Government's Request To Exceed* | | |

| | | | |
|---|---|---|---|
| | *The Page Limitation For Its Reply Brief* by United States of America (Lynch, Timothy) | | |
| **9** | *Filed & Entered:* | 09/02/2008 | Motion to Dismiss |
| | *Terminated:* | 09/28/2009 | |
| | *Docket Text:* Notice of MOTION to Dismiss *Pursuant To Rules 12(b)(1) and 12(b)(6)* by United States of America. (Lynch, Timothy) | | |
| **10** | *Filed & Entered:* | 09/02/2008 | Memorandum in Support |
| | *Docket Text:* MEMORANDUM in Support *Of The United States' Motion To Dismiss* filed by United States of America. (Lynch, Timothy) | | |
| **11** | *Filed & Entered:* | 09/02/2008 | Memorandum in Opposition |
| | *Docket Text:* MEMORANDUM in Opposition *To The United States' Motion To Dismiss And Declaration Of Joseph Tacopina* filed by all plaintiffs. (Lynch, Timothy) | | |
| **12** | *Filed & Entered:* | 09/02/2008 | Reply in Support |
| | *Docket Text:* REPLY in Support *Of The United States' Motion To Dismiss* filed by United States of America. (Lynch, Timothy) | | |
| **13** | *Filed & Entered:* | 09/02/2008 | Letter |
| | *Docket Text:* Letter *To The Honorable Dora Irizarry Enclosing Courtesy Copies Of The Parties' Motion Papers* by United States of America (Lynch, Timothy) | | |
| **14** | *Filed & Entered:* | 09/09/2008 | Letter |
| | *Docket Text:* Letter *re Oral Argument* by Maureen Saint-Guillen (Epstein, Scott) | | |
| **15** | *Filed & Entered:* | 10/14/2008 | Letter |
| | *Docket Text:* Letter *re: Oral Argument* by Maureen Saint-Guillen (Tacopina, Joseph) | | |
| | *Filed & Entered:* | 06/09/2009 | Order |
| | *Docket Text:* ORDER re [14] Letter filed by Maureen Saint-Guillen -- This letter is STRICKEN as Mr. Scott W. Epstein, the attorney who filed it purportedly on behalf of plaintiff, is NOT the attorney of record in this matter. His name does not appear on the docket nor is there any notice of appearance filed in his name. SO ORDERED by Judge Dora Lizette Irizarry on 6/9/2009. (Irizarry, Dora) | | |
| | *Filed & Entered:* | 06/09/2009 | Order |
| | *Docket Text:* ORDER re [15] Letter filed by Maureen Saint-Guillen -- The request for oral argument on defendant's motion to dismiss the complaint is denied without prejudice. The court will advise the parties if it finds that oral argument will assist the court in deciding the motion. SO ORDERED by Judge Dora Lizette Irizarry on 6/9/2009. (Irizarry, Dora) | | |
| **16** | *Filed & Entered:* | 09/28/2009 | Order on Motion to Dismiss |
| | *Docket Text:* ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S [9] Motion to Dismiss -- For the reasons set forth in the ATTACHED WRITTEN MEMORANDUM AND ORDER, plaintiff's negligent hiring, retention, supervision, and training claims are DISMISSED. HOWEVER, the motion is DENIED as to plaintiffs' remaining claims. This matter is referred to the magistrate judge for further pretrial proceedings. SO ORDERED by Judge Dora Lizette Irizarry on 9/28/2009. (Irizarry, Dora) | | |
| | *Filed & Entered:* | 09/30/2009 | Scheduling Order |
| | *Docket Text:* SCHEDULING ORDER: A status conference is scheduled for October 28, 2009 at 11:00 a.m. Ordered by Magistrate Judge James Orenstein on 9/30/2009. (Sussman, Dana) | | |
| | *Filed & Entered:* | 09/30/2009 | Order |

| 17 | *Docket Text:* AMENDED ORDER -- The court hereby amends and replaces the Memorandum and Order originally issued on September 28, 2009 to correct a typographical error on page 15. The decision otherwise remains the same. SO ORDERED by Judge Dora Lizette Irizarry on 9/28/2009. (Irizarry, Dora) |
|---|---|

| 18 | *Filed & Entered:*          10/13/2009 | Motion for Extension of Time to File Answer |
|    | *Terminated:*                  10/14/2009 | |
|    | *Docket Text:* Letter *To Honorable James Orenstein Requesting One Week Extension Of Time To Answer Plaintiff's Complaint* by United States of America (Lynch, Timothy) Modified on 10/14/2009 (Guy, Alicia). | |

|  | *Filed & Entered:*          10/14/2009 | Order on Motion for Extension of Time to Answer |
|---|---|---|
|  | *Docket Text:* ORDER granting [18] Motion for Extension of Time to Answer -- The application is granted; the defendant shall answer or otherwise respond to the complaint by October 20, 2009. In the future, all applications for relief should be docketed as motions. Ordered by Magistrate Judge James Orenstein on 10/14/2009. (Sussman, Dana) | | |

| 19 | *Filed & Entered:*          10/16/2009 | Answer to Complaint |
|    | *Docket Text: Defendant's* ANSWER to [1] Complaint by United States of America. (Lynch, Timothy) | |

|  | *Filed & Entered:*          10/23/2009 | Order on Motion to Adjourn Conference |
|---|---|---|
|  | *Docket Text:* ORDER granting [20] Motion to Adjourn Conference. The Conference scheduled for October 28, 2009 is rescheduled for November 2, 2009, at 10:30 a.m. Ordered by Magistrate Judge James Orenstein on 10/23/2009. (Guy, Alicia) | | |

| 20 | *Filed & Entered:*          10/23/2009 | Motion to Adjourn Conference |
|    | *Terminated:*                  10/23/2009 | |
|    | *Docket Text:* First MOTION to Adjourn Conference by United States of America. (Lynch, Timothy) | |

| 21 | *Filed & Entered:*          11/02/2009 | Initial Conference Hearing |
|    | *Docket Text:* Minute Entry for proceedings held before Magistrate Judge James Orenstein:Initial Conference Hearing held on 11/2/2009. SCHEDULING: The next pretrial conference will be held on March 2, 2009, at 2:00 p.m. THE FOLLOWING RULINGS WERE MADE: (1) Mr. Epstein will promptly enter a notice of appearance and register to receive electronic notification of all filings in this case via the court's ECF docketing system. (2) After discussing with the parties their discovery needs, I will enter a separate case management and scheduling order that contemplates the completion of all written discovery within two months of the plaintiff's initial document demands and interrogatories (which the plaintiff will serve within a week), and the completion of all discovery one month after that. I will entertain a request to reconsider that schedule in appropriate circumstances. In order to avoid needless delay, the defendant's counsel will promptly undertake to determine his client's position regarding the release of certain documents concerning Probation Department's policies relating to supervision. (Orenstein, James) | |

| 22 | *Filed & Entered:*          11/02/2009 | Scheduling Order |
|    | *Docket Text:* **SCHEDULING ORDER:** Deadline for all Rule 26(a) disclosures: November 2, 2009. First request for production of documents and first request for interrogatories due by: November 9, 2009. Written discovery (other than expert reports) to be completed by: January 11, 2010. All discovery, including production of all expert reports, if any, to be completed by: February 15, 2010. Pretrial Conference (ex parte statements of settlement position due via fax two business days in advance): March 2, 2010, at 2:00 p.m. Dispositive motion process started | |

| | | | |
|---|---|---|---|
| | by: March 16, 2010. Joint pretrial order due by: April 13, 2010. **SEE ATTACHED ORDER.** Ordered by Magistrate Judge James Orenstein on 11/2/2009. (Orenstein, James) | | |
| 23 | *Filed & Entered:* | 12/24/2009 | Notice of Appearance |
| | *Docket Text:* NOTICE of Appearance by Scott W Epstein on behalf of Estate of Imette Saint-Guillen, Maureen Saint-Guillen, United States of America (aty to be noticed) (Epstein, Scott) | | |
| 24 | *Filed & Entered:*<br>Terminated: | 01/06/2010<br>01/07/2010 | Motion for Extension of Time to Complete Discovery |
| | *Docket Text:* Joint MOTION for Extension of Time to Complete Discovery by United States of America. (Lynch, Timothy) | | |
| | *Filed & Entered:* | 01/07/2010 | Order on Motion for Extension of Time to Complete Discovery |
| | *Docket Text:* ORDER denying [24] Motion for Extension of Time to Complete Discovery -- The motion is denied. The parties shall appear before me on January 15, 2010 at 10:30 a.m. to discuss their actual discovery needs (including details about the process for reviewing Mr. Littlejohn's pretrial supervision records), the events that were unforeseeable at the time of the initial discovery planning conference that have so drastically changed the parties' view of the time needed to complete discovery, the reason the plaintiffs delayed their initial discovery demands more than six weeks past the deadline for serving them, and the reason the parties are more than two months late in completing the exchange of initial disclosures. At the next conference, I will entertain a renewed application for a very brief extension of the deadline for fact discovery only. Ordered by Magistrate Judge James Orenstein on 1/7/2010. (Sussman, Dana) | | |
| 25 | *Filed & Entered:* | 01/07/2010 | Letter |
| | *Docket Text:* Letter *requesting Your Honor's endorsement of a protective order for this action* by United States of America (Attachments: # (1) Proposed Order) (Lynch, Timothy) | | |
| | *Filed & Entered:* | 01/08/2010 | Order |
| | *Docket Text:* ORDER re [25] Letter filed by United States of America -- So ordered. Ordered by Magistrate Judge James Orenstein on 1/8/2010. (Sussman, Dana) | | |
| 26 | *Filed & Entered:* | 01/15/2010 | Status Conference |
| | *Docket Text:* Minute Entry for proceedings held before Magistrate Judge James Orenstein:Status Conference held on 1/15/2010. SCHEDULING: The final pretrial conference will be held on March 16, 2010, at 2:00 p.m. THE FOLLOWING RULINGS WERE MADE: (1) The defendant will complete its production of documents responsive to the plaintiffs' outstanding requests no later than January 22, 2010. (2) After discussing the parties' remaining discovery needs, I briefly adjourned the deadline for completing all discovery and will enter a separate amended case management and scheduling order that reflects the revised deadlines. (Orenstein, James) | | |
| 27 | *Filed & Entered:* | 01/15/2010 | Scheduling Order |
| | *Docket Text:* **AMENDED SCHEDULING ORDER:** All discovery, including all expert disclosures under Rule 26(a)(2), if any, to be completed by: March 1, 2010. Pretrial Conference (*ex parte* statements of settlement position due via fax two business days in advance): March 16, 2010, at 2:00 p.m. Dispositive motion process started by: March 29, 2010. Joint pretrial order due by: April 26, 2010. **SEE ATTACHED ORDER.** Ordered by Magistrate Judge James Orenstein on 1/15/2010. (Orenstein, James) | | |
| 28 | *Filed & Entered:* | 03/08/2010 | Letter |
| | *Docket Text:* Letter *re Outstanding Discovery* by Estate of Imette Saint-Guillen (Epstein, Scott) | | |
| | *Filed & Entered:* | 03/08/2010 | Motion for Extension of Time to Complete Discovery |

| | | |
|---|---|---|
| | *Terminated:* | 03/09/2010 |
| <u>29</u> | *Docket Text:* Letter MOTION for Extension of Time to Complete Discovery by Estate of Imette Saint-Guillen. (Epstein, Scott) | |
| | *Filed & Entered:* | 03/08/2010 | Letter |
| <u>30</u> | *Docket Text:* Letter *In Response To Plaintiffs' Letter-Application For Discovery Extension, Dated March 8, 2010* by United States of America (Lynch, Timothy) | |
| | *Filed & Entered:* | 03/09/2010 | Order on Motion for Extension of Time to Complete Discovery |
| | *Docket Text:* ORDER granting [29] Motion for Extension of Time to Complete Discovery -- The application is granted. I will enter a separate amended scheduling order reflecting the new deadlines. Ordered by Magistrate Judge James Orenstein on 3/9/2010. (Sussman, Dana) | | |
| | *Filed & Entered:* | 03/09/2010 | Scheduling Order |
| <u>31</u> | *Docket Text:* **AMENDED SCHEDULING ORDER:** All discovery, including production of all expert reports, if any, to be completed by: April 1, 2010. Pretrial Conference (*ex parte* statements of settlement position due via fax two business days in advance): April 16, 2010, at 11:00 a.m. Dispositive motion process started by: April 29, 2010. Joint pretrial order due by: May 26, 2010. The deadlines in this order will be enforced and, in light of the history of this case, will be modified only upon a timely showing of the most compelling and unforeseeable of extraordinary circumstances. **SEE ATTACHED ORDER.** Ordered by Magistrate Judge James Orenstein on 3/9/2010. (Sussman, Dana) | | |
| | *Filed & Entered:* | 03/19/2010 | Order on Motion for Extension of Time to Complete Discovery |
| | *Docket Text:* ORDER denying [32] Motion for Extension of Time to Complete Discovery -- the motion is denied without prejudice to renewal after seeking the defendant's consent pursuant to Rule III.A.1 of my individual practice requirements. Ordered by Magistrate Judge James Orenstein on 3/19/2010. (Orenstein, James) | | |
| | *Filed & Entered:* | 03/19/2010 | Order |
| | *Docket Text:* ORDER re [33] Letter MOTION for Extension of Time to Complete Discovery filed by Estate of Imette Saint-Guillen -- the defendant shall respond in writing by March 22, 2010. Ordered by Magistrate Judge James Orenstein on 3/19/2010. (Orenstein, James) | | |
| <u>32</u> | *Filed & Entered:* | 03/19/2010 | Motion for Extension of Time to Complete Discovery |
| | *Terminated:* | 03/19/2010 | |
| | *Docket Text:* Letter MOTION for Extension of Time to Complete Discovery by Estate of Imette Saint-Guillen. (Epstein, Scott) | | |
| <u>33</u> | *Filed & Entered:* | 03/19/2010 | Motion for Extension of Time to Complete Discovery |
| | *Terminated:* | 03/23/2010 | |
| | *Docket Text:* Letter MOTION for Extension of Time to Complete Discovery by Estate of Imette Saint-Guillen. (Epstein, Scott) | | |
| <u>34</u> | *Filed & Entered:* | 03/22/2010 | Letter |
| | *Docket Text:* Letter *Responding to Plaintiffs' March 19, 2010 Letter-Motion To Extend Discovery Sine Dine* by United States of America (Lynch, Timothy) | | |
| <u>35</u> | *Filed & Entered:* | 03/22/2010 | Motion for Extension of Time to Complete Discovery |
| | *Terminated:* | 03/23/2010 | |
| | *Docket Text:* Letter MOTION for Extension of Time to Complete Discovery by Estate of Imette | | |

Saint-Guillen. (Epstein, Scott)

| | | |
|---|---|---|
| *Filed & Entered:* | 03/23/2010 | Terminate Motions |

*Docket Text:* Motions terminated, docketed incorrectly: [35] Letter MOTION for Extension of Time to Complete Discovery filed by Estate of Imette Saint-Guillen. Docket entry #35 is a letter. (Guy, Alicia)

| | | |
|---|---|---|
| *Filed & Entered:* | 03/23/2010 | Order on Motion for Extension of Time to Complete Discovery |

*Docket Text:* ORDER denying [33] Motion for Extension of Time to Complete Discovery -- The application to adjourn the April 1, 2010 discovery deadline is denied. Ordered by Magistrate Judge James Orenstein on 3/23/2010. (Sussman, Dana)

| | | |
|---|---|---|
| *Filed & Entered:* | 03/26/2010 | Telephone Conference |

**36** *Docket Text:* Minute Entry for proceedings held before Magistrate Judge James Orenstein:Telephone Conference held on 3/26/2010. SCHEDULING: The next pretrial conference will be held on April 16, 2010, at 11:00 a.m. THE FOLLOWING RULINGS WERE MADE: (1) The parties called from a deposition with a dispute concerning the attendance of a potential witness. Both sides consented to my suggestion that the potential witness monitor the deposition by telephone from another room. (2) To the extent the parties have a related dispute about the timeliness of any anticipated expert disclosure by the plaintiff, I declined to rule as the matter is premature. (Orenstein, James)

| | | |
|---|---|---|
| *Filed & Entered:* | 03/29/2010 | Order |

*Docket Text:* ORDER AUTHORIZING DISCLOSURE - The undersigned has reviewed the files of offender Darryl Littlejohn a/k/a Jonathan Blaze relating to his federal prosecution in this district in 1998 that are currently in the custody of the U.S. Department of Probation. The court hereby authorizes their disclosure to the parties in the instant action subject to the protective order that the parties have entered into in this matter. SO ORDERED by Judge Dora Lizette Irizarry on 3/29/2010. (Irizarry, Dora)

| | | |
|---|---|---|
| *Filed & Entered:* | 04/02/2010 | Scheduling Order |

*Docket Text:* SCHEDULING ORDER: Due to a scheduling conflict, the pretrial conference previously scheduled for April 16, 2010 is rescheduled for April 30, 2010, at 10:00 a.m. Because this impacts other dates in the amended scheduling order, *see* docket entry [31], I will enter a separate amended scheduling order reflecting the new deadlines. Ordered by Magistrate Judge James Orenstein on 4/2/2010. (Sussman, Dana)

| | | |
|---|---|---|
| *Filed & Entered:* | 04/02/2010 | Scheduling Order |

**37** *Docket Text:* **THIRD AMENDED SCHEDULING ORDER:** Pretrial Conference (*ex parte* statements of settlement position due via fax two business days in advance): April 30, 2010, at 10:00 a.m. Dispositive motion process started by: May 14, 2010. Joint pretrial order due by: June 11, 2010. **SEE ATTACHED ORDER.** Ordered by Magistrate Judge James Orenstein on 4/2/2010. (Sussman, Dana)

| | | |
|---|---|---|
| *Filed & Entered:* | 04/13/2010 | Letter |

**38** *Docket Text:* Letter *Brief In Support of Motion To Strike Plaintiffs' Supplemental Disclosures* by United States of America (Lynch, Timothy)

| **PACER Service Center** |
|---|
| **Transaction Receipt** |
| |

| 04/15/2010 16:20:34 | | | |
|---|---|---|---|
| **PACER Login:** | ae0585 | **Client Code:** | st. guillien |
| **Description:** | History/Documents | **Search Criteria:** | 1:08-cv-00441-DLI -JO |
| **Billable Pages:** | 6 | **Cost:** | 0.48 |